IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VICTORIA LYNN CANTALES,<br><br>Plaintiff,<br><br>v.<br><br>FLANIGAN'S ENTERPRISES, INC., OF GEORGIA d/b/a MARDI GRAS, and GREG PHIFER, in his individual capacity,<br><br>Defendants. | ) | Civil Action No. 1:18-CV-03567-RWS |

**ANSWER AND AFFIRMATIVE DEFENSES,**
**OF FLANIGAN'S ENTERPRISES, INC. OF GEORGIA**

COME NOW Flanigan's Enterprises, Inc. of Georgia ("Defendant") and asserts its affirmative defenses and answers, each and every paragraph of Plaintiff's Complaint as follows.

**Affirmative Defenses**

First Defense

The Complaint fails to state a claim upon which relief can be granted.

Second Defense

To the extent she has any claim against Defendant, Plaintiff is barred from recovery, in whole or in part, by offset, setoff, and recoupment.

Third Defense

To the extent she has any claim against Defendant, Plaintiff is barred from recovery, in whole or in part, by the operation of one or more statutes of limitations or statutes of repose.

Fourth Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred, in whole or in part, by her respective failures to satisfy any and all jurisdictional prerequisites or conditions precedent to filing or bringing suit.

Fifth Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred, in whole or in part, by waiver and estoppel.

Sixth Defense

To the extent she has any claim against Defendant, Plaintiff claims are barred, in whole or in part, by release, satisfaction, and compromise.

Seventh Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred, in whole or in part, by her respective failures to mitigate any damages.

Eighth Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred and fail as a matter of fact and law because she never performed work for, or

the benefit of, the Defendant.

Ninth Defense

To the extent she has any claim against Defendant, then at all relevant times, Plaintiff was not Defendant's employee, and Defendant was not Plaintiff employer.

Tenth Defense

To the extent she has any claim against Defendant, Plaintiff's claims to recover the federal minimum wage are barred to the extent that Plaintiff earned at least $7.25/hour for each hour worked.

Eleventh Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Twelfth Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred to the extent that Plaintiff has not suffered or incurred any damages or other harm as the direct and proximate result of any conduct or actions of Defendant.

Thirteenth Defense

To the extent that this Court lacks subject-matter jurisdiction over some or all of Plaintiff's claims, those claims must be dismissed.

Fourteenth Defense

To the extent she has any claim against Defendant, then to the extent that

Plaintiff seeks recovery for time that is not compensable, *i.e.* not "hours worked" under the Fair Labor Standards Act, her claims are to that extent barred.

Fifteenth Defense

To the extent she has any claim against Defendant, then to the extent that Plaintiff seeks damages or any other forms of relief that are not recoverable under the Fair Labor Standards Act, her claims are to that extent barred.

Sixteenth Defense

To the extent she has any claim against Defendant, thento the extent that Plaintiff seeks to recover for time which is *de minimis* work time that is not recoverable under the Fair Labor Standards Act, her claims are to that extent barred.

Seventeenth Defense

To the extent she has any claim against Defendant, Plaintiff's claims are barred as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to Plaintiff's principal activities.

Eighteenth Defense

Defendant gives notice that it intends to rely upon any other defenses that may become available or appear during proceedings in this case, and reserve the right to amend its answer to assert any such defenses.

Nineteenth Defense

Having raised its affirmative defenses, and without compromising or waiving

said defenses in any way or to any extent, Defendant responds to and answer each and every paragraph of Plaintiff's Complaint as follows:

1. Defendant denies Paragraph 1 of the Complaint.

2. Defendant denies Paragraph 2 of the Complaint.

3. Defendant denies Paragraph 3 of the Complaint.

4. Defendant denies Paragraph 4 of the Complaint.

5. Defendant denies Paragraph 5 of the Complaint.

6. Defendant denies Paragraph 6 of the Complaint.

7. Defendant denies Paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations regarding the residency of the Plaintiff, but admits that she is subjected to the jurisdiction and venue of this Court by having filed this action, but otherwise denies the allegation contained in Paragraph 8 of the Complaint. To the extent a further response is required to this paragraph, the allegations are denied.

9. Defendant admits that its registered agent for service of process is Cary Wiggins, but otherwise denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies Paragraph 10 of the Complaint.

11. Defendant denies this Court has subject matter jurisdiction over this

action.

12. Defendant denies venue of this action is proper because there is no jurisdiction.

13. Defendant denies Plaintiff was employed by Defendant.

14. Plaintiff was an independent contractor who performed as an entertainer at the Mardi Gras Club.

15. Defendant denies Paragraph 15 of the Complaint.

16. Defendant denies Paragraph 16 of the Complaint.

17. Defendant denies Paragraph 17 of the Complaint.

18. Defendant denies Paragraph 18 of the Complaint and affirmatively asserts that Plaintiff was an independent contractor who performed services for her clients.

19. Defendant denies Paragraph 19 of the Complaint.

20. Defendant denies Paragraph 20 of the Complaint.

21. Defendant denies Paragraph 21 of the Complaint.

22. Defendant denies Paragraph 22 of the Complaint.

23. Defendant denies Paragraph 23 of the Complaint.

24. Defendant denies Paragraph 24 of the Complaint.

25. Defendant denies Paragraph 25 of the Complaint.

26. Defendant denies Paragraph 26 of the Complaint.

27. Defendant denies Paragraph 27 of the Complaint.

28. Defendant denies Paragraph 28 of the Complaint.

29. Defendant denies Paragraph 29 of the Complaint.

30. Defendant denies Paragraph 30 of the Complaint.

31. Defendant denies Paragraph 31 of the Complaint.

32. Defendant denies Paragraph 32 of the Complaint.

33. Defendant denies Paragraph 33 of the Complaint.

34. Defendant denies Paragraph 34 of the Complaint.

35. Defendant denies Paragraph 35 of the Complaint.

36. Defendant denies Paragraph 36 of the Complaint.

37. Defendant denies Paragraph 37 of the Complaint.

38. Defendant denies Paragraph 38 of the Complaint.

39. Defendant denies Paragraph 39 of the Complaint.

40. Defendant denies Paragraph 40 of the Complaint.

41. Defendant denies Paragraph 41 of the Complaint.

42. Defendant denies Paragraph 42 of the Complaint.

43. Defendant denies Paragraph 43 of the Complaint.

44. Defendant denies Paragraph 44 of the Complaint.

45. Defendant denies Paragraph 45 of the Complaint.

46. Defendant denies Paragraph 46 of the Complaint.

47. Defendant denies Paragraph 47 of the Complaint.

48. Defendant denies Paragraph 48 of the Complaint.

49. Defendant denies Paragraph 49 of the Complaint.

50. Defendant denies Paragraph 50 of the Complaint.

51. Defendant denies Paragraph 51 of the Complaint.

52. Defendant denies Paragraph 52 of the Complaint.

53. Defendant denies Paragraph 53 of the Complaint.

54. Defendant denies Paragraph 54 of the Complaint.

55. Defendant denies Paragraph 55 of the Complaint.

56. Defendant denies Paragraph 56 of the Complaint.

57. Defendant denies Paragraph 57 of the Complaint.

58. Defendant denies Paragraph 58 of the Complaint.

59. Defendant denies Paragraph 59 of the Complaint.

60. Defendant denies Paragraph 60 of the Complaint.

61. Defendant denies Paragraph 61 of the Complaint.

62. Defendant denies Paragraph 62 of the Complaint.

63. Defendant denies Paragraph 63 of the Complaint.

64. Defendant denies Paragraph 64 of the Complaint.

65. Defendant denies Paragraph 65 of the Complaint.

66. Defendant denies Paragraph 66 of the Complaint.

67. Defendant denies Paragraph 67 of the Complaint.

68. Defendant denies Paragraph 68 of the Complaint.

69. Defendant denies Paragraph 69 of the Complaint.

70. Defendant denies Paragraph 70 of the Complaint.

71. In response to Paragraph 71 of the Complaint, Defendant restates and incorporates by reference herein his responses to Paragraphs 1 through 70 of the Complaint with the same force and affect as if they had been restated herein.

72. Defendant denies Paragraph 72 of the Complaint.

73. Defendant denies Paragraph 73 of the Complaint.

74. Defendant denies Paragraph 74 of the Complaint.

75. Defendant denies Paragraph 75 of the Complaint.

76. Defendant denies Paragraph 76 of the Complaint.

77. Defendant denies Paragraph 77 of the Complaint.

78. Defendant denies Paragraph 78 of the Complaint.

79. Defendant denies Paragraph 79 of the Complaint.

80. Defendant denies Paragraph 80 of the Complaint.

81. Defendant denies Paragraph 81 of the Complaint.

82. Defendant denies Paragraph 82 of the Complaint.

83. Any allegations not heretofore specifically admitted are expressly denied.

WHEREFORE, Defendant demands judgment that Plaintiff's Complaint against it be dismissed, with all costs to be cast against Plaintiff.

**JURY DEMAND**

Flanigan's Enterprises, Inc. of Georgia d/b/a Mardi Gras demands a trial by jury of all issues in this case.

This the 27th day of August, 2018.

______________________________
JOHN A. CHRISTY
Georgia Bar No. 125518
*Attorney for Flanigan's Enterprises, Inc. of Georgia*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
Email: jchristy@swfllp.com
K:\9433\6\1-18-CV-03567\Pleadings\Answer.docx

**STATEMENT OF COMPLIANCE WITH FONT SIZE**

I hereby certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF FLANIGAN'S ENTERPRISES, INC. OF GEORGIA** has been prepared with 14-Point Times New Roman font, which is one of the fonts and point selections approved by the Court in LR 5.1C, N.D. Ga.

This the 27th day of August, 2018.

______________________________
JOHN A. CHRISTY
Georgia Bar No. 125518
*Attorney for Flanigan's Enterprises, Inc. of Georgia*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
Email: jchristy@swfllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2018, I electronically filed **ANSWER AND AFFIRMATIVE DEFENSES OF FLANIGAN'S ENTERPRISES, INC. OF GEORGIA** with the Clerk of Court using the CM/ECF electronic filing system, as mandated by Northern District of Georgia Civil Local Rule 5.1(A) and as approved by Standing Order No. 04-01 of this Court, which will send electronic notice of such filing to all counsel of record in this action.

This the 27th day of August, 2018.

______________________________
JOHN A. CHRISTY
Georgia Bar No. 125518
*Attorney for Flanigan's Enterprises, Inc. of Georgia*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
Email: jchristy@swfllp.com